UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**LEON A.,**

                                           **Plaintiff,**

                          v.                                        6:24-CV-539
                                                                      (FJS/TWD)

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

                                          **Defendant.**
_____

**APPEARANCES**                           **OF COUNSEL**

**LEGAL AID SOCIETY OF**        **CINDY DOMINGUE-HENDRICKSON, ESQ.**
**MID-NEW YORK INC.**            **PETER ZISSER, ESQ.**
120 Bleecker Street
Utica, New York 13501
Attorneys for Plaintiff

**SOCIAL SECURITY**               **VERNON NORWOOD, ESQ.**
**ADMINISTRATION**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Pending before the Court are Magistrate Judge Dancks' Report-Recommendation, *see* Dkt. No. 22, and Plaintiff's objections thereto, *see* Dkt. No. 23.

## II. DISCUSSION

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying his application for benefits. *See* Dkt. No. 22 at 1.

After a hearing, the Administrative Law Judge concluded, at step five, that "based on [Plaintiff's] age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy the Plaintiff could perform" and that, therefore, Plaintiff was not disabled. *See* Administrative Record at 28-29.[1] Thereafter, Plaintiff timely filed this action, seeking judicial review of Defendant's final decision. *See* Dkt. No. 1.

Both parties filed briefs, which Magistrate Judge Dancks treated as motions under Rule 12(c) of the Federal Rules of Civil Procedure, in accordance with General Order 19. *See* Dkt. No. 15, Plaintiff's Brief; Dkt. No. 18, Defendant's Brief. After reviewing the Administrative Record, the ALJ's decision, and the parties' briefs, Magistrate Judge Dancks found that "substantial evidence support[ed] the ALJ's conclusion that Plaintiff's mental impairments did not so significantly limit the occupational base of unskilled work such that vocational expert testimony was required"; and, therefore, "the ALJ's use of the medical vocational guidelines to reach a finding of not disabled at step five was not erroneous." *See* Dkt. No. 22, Magistrate Judge Dancks' Report-Recommendation, at 12. Therefore, Magistrate Judge Dancks

---

[1] References to page numbers in the Administrative Record ("AR"), *see* Dkt. No. 11, are to the Bates-stamped page numbers located at the bottom of those pages. References to page numbers in other documents filed on the Docket of this case are to the page-numbers that the Court's Electronic Case Filing System generates and are located in the top-right corner of those pages.

recommended that the Court deny Plaintiff's motion for judgment on the pleadings and grant Defendant's motion for judgment on the pleadings. *See id.* at 13.

     Plaintiff has timely filed objections to Magistrate Judge Dancks' recommendations. *See* Dkt. No. 23. Specifically, Plaintiff argues that "the ALJ's Decision is internally inconsistent." *See id.* at 2. To support his argument, he contends that, "'[a]t Step 2, the ALJ found that "the impairments listed in Step 2 (*i.e.*, mild difficulties in understanding, remembering, or applying information, moderate difficulties in interacting with others, moderate difficulties in concentrating, persisting, or maintaining pace, and moderate difficulties in adapting or managing oneself), have more than minimally affected the claimant's ability to perform basic work activities during the relevant period."'" *See id.* (quoting Tr. 22). "At the same time, the ALJ determined that the Plaintiff 'can meet the demands of all remunerative unskilled work.'" *See id.* (quoting Tr. 29). Plaintiff argues that "[t]hese two statements are mutually exclusive: Either the impairments at Step 2 negatively affect the Plaintiff's ability to perform basic work activities or they don't." *See id.* Furthermore, Plaintiff asserts that "the 'severe' impairments set forth in Step 2 are substantively identical to those listed in the RFC, thus it is the rote application of a Program Operations Manual definition of 'unskilled work' rather than a VE's knowledge and experience that establishes the inconsistency." *See id.*

     Plaintiff further argues that "the ALJ found that the Plaintiff had '<u>mild</u> difficulties in understanding, remembering, or applying information; <u>moderate</u> difficulties in interacting with others; <u>moderate</u> difficulties in concentrating, persisting, or maintaining pace; and <u>moderate</u> difficulties in adapting or managing oneself.'" *See id.* (quoting Tr. 24 (emphasis in original)). Furthermore, he notes that "[t]he ALJ found that these Step 2 limitations are substantively identical to the definition of 'unskilled' work, *i.e.*, 'the abilities (on a sustained basis) to

understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.'" *See id.* (quoting Tr. 29 (citing SSR 85-15)) (footnote omitted). Plaintiff acknowledges that, although "the standard for a finding of severity under Step 2 may be de minimis, i.e., 'intended only to screen out the very weakest cases,' a de minimis analysis is all that is needed to mandate the use of a VE rather than rely on the Grids." *See id.* at 3 (citing *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) ("The ALJ cannot rely on the Grids if a non-exertional impairment has any more than a "negligible" impact on a claimant's ability [to] perform the full range of work and instead must obtain the testimony of a vocational expert.")). Plaintiff argues that, although "[t]he ALJ clearly found at Step 2 that the Plaintiff's mental impairments were more than 'negligible', . . . the ALJ failed to obtain vocational expert testimony at Step 5." *See id.* at 3.

Plaintiff further argues that Magistrate Judge Dancks' finding "that Plaintiff's argument that the Decision improperly subsumes mental health limitations within the definition of unskilled work to be conclusory and/or unsupported by substantial evidence" "runs contrary to decisions of this Court, as well as numerous decisions of other Courts in this Circuit." *See id.* (citing *Julie M. v. Comm'r of Soc. Sec.*, 2024 U.S. Dist. LEXIS 27072 at **39-40 (N.D.N.Y. 2024) ("Courts in this district have found it to be reversable error for ALJ's [sic] to rely solely on the Grids when a plaintiff has moderate psychiatric limitations resulting in non-exertional limitations.") (quoting *Chapparo v. Colvin*, 156 F. Supp. 3d 517, 538 (S.D.N.Y. 2016)); *Ashley S. P. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 2171 at *28 (N.D.N.Y. Jan. 5, 2022) (An RFC that requires only occasional decision making, occasional changes in work setting, and occasional judgment "suggest more than [a] negligible impairment that could severely limit the potential occupational base."); *Michael F.D. v. Saul*, 2020 U.S. Dist. LEXIS 176472 at *30

(N.D.N.Y. Sept. 25, 2020) (holding that "low stress limitations identified in the RFC could significantly limit the range of work available to Plaintiff"); *Ocasio v. Comm'r of Soc. Sec.*, 2016 U.S. Dist. LEXIS 78695 at \*\*33-34, n. 19 (N.D.N.Y. April 26, 2016 (claimant with moderate difficulties in interacting with others may not meet the requirements of SSR 85-15); *Provost v. Astrue*, 2011 U.S. Dist. LEXIS 158417 at \*\*24-25 (N.D.N.Y. March 31, 2011) ("[T]he ALJ's own finding that Plaintiff was limited to a low stress work environment involving only occasional interaction with co-workers is indicative of a substantial loss of ability to meet a basic work related activity, namely, the ability to respond appropriately to co-workers.")) (other citations omitted).

Plaintiff's argument regarding the ALJ's failure to have a VE testify is substantially the same argument he raised before Magistrate Judge Dancks. *See* Dkt. No. 15 at 9-11. The record reflects that Magistrate Judge Dancks adequately considered and properly rejected the argument that Plaintiff advanced in his objections. Under such circumstances, it has long been the rule that a District Court should apply the more perfunctory "clear error" review. *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (Suddaby, J.) (collecting cases).

Nonetheless, even applying the more rigorous *de novo* review, Plaintiff's arguments would not warrant relief. In most cases, the ALJ satisfies her burden at Step Five by relying on the Grids, which "'take[] into account the claimant's [RFC] in conjunction with the claimant's age, education and work experience.'" *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999) (quoting *Zorilla v. Chater*, 915 F. Supp. 662, 667 (S.D.N.Y. 1996)). However, "exclusive reliance on the grids is inappropriate where the guidelines fail to describe the full extent of a claimant's physical limitations[,]" *id.*, such as "in cases where the claimant exhibits a significant non-exertional impairment (*i.e.*, an impairment not related to strength)." *Selian v. Astrue*, 708 F.3d 409, 421 (2d

Cir. 2013) (citing *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); 20 C.F.R. § 404.1569a(c)(2)).

However, "the mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the [Grids]." *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986). Rather, "the non-exertional impairment must have 'more than a "negligible" impact on a claimant's ability to perform a full range of work.'" *Juan C. v. Comm'r of Soc. Sec.*, No. 5:24-CV-88 (AJB/MJK), 2025 WL 88679, *2 (N.D.N.Y. Jan. 14, 2025) (quotation omitted). "As the Second Circuit has explained, '[a] nonexertional impairment is non-negligible "when it . . . so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity."'" *Id.* (quotation omitted).

The ALJ determined that, although Plaintiff's "ability to perform work at all exertional levels has been compromised by nonexertional limitations[,] . . . those limitations have little or no effect on the occupational base of unskilled work at all exertional levels." *See* Dkt. No. 11, Administration Record, at 29. In reaching this conclusion the ALJ relied on SSR 85-15, which "explains that the basic mental demands of competitive remunerative unskilled work include the abilities to understand, remember and carry out simple instructions; respond appropriately to supervision, co-workers and the usual work situations and deal with changes in a routine work setting." *See id.* Furthermore, the ALJ noted that SSR 85-15 "also notes that unskilled jobs 'ordinarily involve dealing primarily with objects, rather than with data or people'" and because Plaintiff "retains the basic mental abilities required for unskilled work," the ALJ concluded that "a finding of 'not disabled' is appropriate under SSR 85-15 and the framework of section 204.00 in the Medical-Vocational Guidelines." *See id.*

There is no reversible error in this approach. Social Security Ruling 85-15, which the ALJ cited, supports her conclusion that the non-exertional limitations she assessed in Plaintiff's RFC would have "have little or no effect on the occupational base of unskilled work at all exertional levels." *See* Dkt. No. 11 at 29.

Of course, an ALJ's complete failure to account for the significance of a claimant's non-exertional limitations would warrant remand. *See Masoud v. Saul*, 448 F. Supp. 3d 147, 159 (D. Conn. 2020) (remanding where ALJ found non-exertional limitations but "simply omitted these limitations from [the] RFC"). However, in this case, Plaintiff has not established that he suffered from any more restrictive non-exertional limitations than the ones assessed in his RFC. *See Alicia C. v. Comm'r of Soc. Sec.*, No. 6:17-CV-1235 (TWD), 2019 WL 1470827, *10 (N.D.N.Y. Apr. 1, 2019).

Nor has Plaintiff offered any basis from which this Court could conclude that the ALJ ran afoul of this Circuit's precedent by relying on SSR 85-15 to account for the relative significance of these non-exertional limitations on Plaintiff's ability to do the full range of unskilled work.

Absent a more compelling showing, courts in this Circuit routinely reject the arguments that Plaintiff has offered. *See, e.g., Scholtisek v. Colvin*, 110 F. Supp. 3d 464, 480 (W.D.N.Y. 2015) (collecting cases) ("Although Plaintiff experienced nonexertional limitations, the ALJ was not required to consult a vocational expert because she found that Plaintiff's nonexertional limitations did not result in erosion to Plaintiff's occupational base.").

Accordingly, the Court accepts and adopts Magistrate Judge Dancks' Report-Recommendation.

## III. CONCLUSION

Having reviewed Magistrate Judge Dancks' Report-Recommendation, *see* Dkt. No. 22, Plaintiff's objections, *see* Dkt. No. 23, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation, *see* Dkt. No. 22, is **accepted and adopted**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 15, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated:  February 13, 2026
         Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge